SWINEBROAD–DENTON, INC., Appellant,

v.

Gene HORNBACK, Kentucky Real Estate Commission, Appellees.

No. 86–CA–2798–MR.

Court of Appeals of Kentucky.

Sept. 25, 1987.

Rehearing Denied Dec. 11, 1987.

Discretionary Review Denied By Supreme Court Feb. 23, 1988.

W. Henry Graddy, IV, Versailles, for appellant.

Darrell B. Hancock, R. Craig Reinhardt, Lexington, Thomas O'Shaughnessy, Versailles, for appellee, Gene Hornback.

Steven L. Frank, Louisville, for appellee, Kentucky Real Estate Com'n.

Before COMBS, REYNOLDS and WEST, JJ.

COMBS, Judge.

This appeal is from the Woodford Circuit Court and involves a complaint against a licensed real estate broker for violating provisions of KRS 324.160.

James Wilhite and his wife, Joanne, owned a farm in Woodford County, Kentucky, which became the subject of foreclosure proceedings in late 1981. The Wilhites entered into an exclusive sale contract with Swinebroad-Denton, Inc., real estate brokers and auctioneers, on February 1, 1983, in order to sell the farm. The exclusive sale contract was for a period of forty-three days, until March 15, 1983. If no sale had been consummated by then, the instrument provided that appellant would auction the farm on or before April 15, 1983.

On April 21, 1983, the Woodford Circuit Court ordered the farm to be sold by the Master Commissioner on May 21, 1983. The Wilhites and appellant then entered into an auction sale contract on May 12, 1983, whereby appellant held the exclusive right to sell the farm at auction on June 18, 1983. Five days later the Wilhites moved the Woodford Circuit Court to set aside its order directing the Master Commissioner to sell the farm so that appellant could auction the property instead. The motion was overruled on May 20, 1983. The Wilhites immediately filed a Chapter 11 Bankruptcy, thereby divesting the Woodford Circuit Court of jurisdiction and suspending the efficacy of its order.

On May 25, 1983, appellee Gene Hornback, a licensed real estate broker, entered into an exclusive right to sell contract, and sale and purchase contract with James Wilhite. The term of the contract was two days. On the same day Hornback successfully negotiated the sale of the Wilhite farm acting on behalf of Eric Van der Heiden and his employer, C.R. Rittenberry, as their purchasing representative.

Van der Heiden, with whom Hornback directly dealt, understood that Hornback was acting only as his representative. Hornback never informed Van der Heiden that he also represented Wilhite as the seller of the property. There is conflicting testimony over whether or not Hornback informed Wilhite that he was acting on behalf of Van der Heiden and Rittenberry. On the other hand, Van der Heiden never disclosed to Hornback that he had prior dealings with appellant about possibly purchasing the same farm. Also, there is conflicting testimony as to whether Wilhite told Hornback that he had previously listed the farm with appellant. Hornback consummated the sale between Wilhite and Van der Heiden and Rittenberry.

The Kentucky Real Estate Commission (KREC) conducted a lengthy hearing and concluded as matters of law that Hornback had violated three provisions of KRS 324.-160, which are:

(1) KRS 324.160(1)(e): Acting for more than one (1) party in a transaction with-

out the knowledge of all parties for whom the licensee acts.

(2) KRS 324.160(1)(*l*): Negotiating or attempting to negotiate the sale, exchange, lease or rental of real property with an owner or lessor knowing that the owner or lessor had a written outstanding contract granting exclusive agency in connection with the property to another real estate broker.

(3) KRS 324.160(1)(r): Any other conduct that constitutes improper, fraudulent or dishonest dealing.

The final order of KREC penalized Hornback by placing his license on probation for a period of one year and fining him five hundred dollars. KRS 324.160(1).

Hornback appealed the order to the Woodford Circuit Court. That court reversed the KREC's conclusion that Hornback had violated KRS 324.160(1)(*l*), determining that during Hornback's involvement appellant had no exclusive agency contract with Wilhite as contemplated by the statute, but merely had an auction sale contract, making Hornback's knowledge of the existence of this instrument immaterial.

The trial court upheld the conclusion of the KREC that Hornback had violated KRS 324.160(1)(e), believing that substantial evidence was produced at the hearing to support that conclusion. The trial court rendered no opinion as to the KREC's conclusion that Hornback had violated KRS 324.-160(1)(r).

 We affirm the trial court's reversal of the KREC's conclusion that Hornback violated KRS 324.160(1)(*l*) by the same reasoning. An auction sale contract is not the exclusive agency mentioned in KRS 324.160(1)(*l*). The first contract between the Wilhites and appellant was an exclusive right to sell contract, which by its own term expired March 15, 1983, long before Hornback arrived on the scene.

The Wilhites entered into an auction sale contract with appellant on May 12, 1983, and it was this instrument which was in effect while Hornback was dealing with the parties. But an auction sale contract is a far cry from an exclusive right to sell. For example, an exclusive right to sell contract, such as the one first in time between the Wilhites and appellant, applies to a proposed sale of the property by either public or private means. The auction sale contract, later agreed upon by the Wilhites and appellant, gave appellant only the exclusive right *to auction* the property.

Moreover, a seller may withdraw from an auction sale contract anytime before the beginning of the auction, being liable to the auctioneer only for reasonable compensation or expenses up to that time. *Greer v. Arnold,* Ky.App., 633 S.W.2d 75 (1983). The seller is bound much more stringently by an exclusive sale agreement whereby the seller is contractually bound to the selling agent for the duration of the term of the agreement.

We hold, as did the trial court, that the KREC incorrectly applied the rule of law to the facts it found, and we affirm the reversal of the KREC's conclusion that Hornback violated KRS 324.160(1)(*l*).

The trial court's affirmance of the KREC's conclusion that Hornback violated KRS 324.160(1)(e) is not before this Court on cross-appeal. Likewise, the KREC's conclusion that Hornback violated KRS 324.160(1)(r) was not addressed by the trial court, and is not before us on cross-appeal.

 The trial court finally held that although the KREC erred by its opinion that Hornback had violated KRS 324.160(1)(*l*), it would affirm the final order of the KREC imposing penalty. This portion of the trial court's judgment must be vacated. The penalty imposed upon Hornback by the KREC was, according to that agency's own written order, commensurate with its conclusions that Hornback had violated *three* provisions of KRS 324.160. Since we have affirmed the trial court's reversal of the violation of one of those three provisions, we must remand this matter to the KREC for it to reconsider imposition of a lesser penalty against Hornback. For if the penalty imposed for the three violations were to be identical to that imposed for the two, we would in effect be holding that there is no penalty at all for a violation of KRS 324.160(1)(*l*).

The decision of the Woodford Circuit Court is affirmed in part, and vacated and remanded in part for that court to enter an order directing the KREC to reconsider its imposition of penalty.

All concur.